RECEIVED Mail Room  JUN 14 2017  United States Court of Appeals District of Columbia Circuit

No.

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

*IN RE*

WILLIAM J. KIRSCH
*Plaintiff*
v.
FEDERAL TRADE COMMISSION,
*Defendant*

_____

PETITION FOR WRIT OF MANDAMUS
*All Writs Act*
28 United States Code Section 1651
Judiciary Act of 1789
Chapter 20 Section 14
Statute 73 81-82

_____

William J. Kirsch
1211 South Eads Street #211
Arlington, Virginia 22202

1

*IN RE KIRSCH V. FEDERAL TRADE COMMISSION*

PETITION FOR WRIT OF MANDAMUS

William J. Kirsch, hereinafter Plaintiff, respectfully files this Petition for Writ of Mandamus according to the Federal Rules of Civil Procedure (FRCP) 21 and 28 U.S.C. 1651, see Sandra Day O'Connor, *The Judiciary Act of 1789 and the American Judicial Tradition,* 59 U. Cin. L. Rev. 1 (1990). Plaintiff provides: (1) the facts necessary (FRCP 21(B)(iii)); (2) the issues presented (FRCP 21(B)(ii)); (3) the relief sought (FRCP(B)(i)); and (4) the reasons why the writ should issue (FRCP(B)(iv)).

I. THE FACTS NECESSARY

FTC COMPLAINT

The Federal Trade Commission Act provides the FTC with the power "to prevent persons...or corporations...from using unfair or deceptive acts or practices...." 15 U.S.C. 45(a)(2). Unfair or deceptive acts or practices include "acts or practices...that cause or are likely to cause reasonably foreseeable injury in the United States." 15 U.S.C. 45(a)(4)(A)(i). The FTC Act states that "All remedies are available to the Commission with respect to unfair and deceptive acts or practices...including restitution to domestic...victims." 15 U.S.C. 45(a)(4)(B).

On Tuesday, November 6, 2016, Plaintiff filed a complaint seeking FTC action for fraud and unfair and deceptive acts by Joseph Della Ratta, developer of the Bella Vista Condominium (BVC) and Arlington County for the fraudulent, unfair and deceptive substitution of a combustible external insulation and finishing system (EIFS) for non-combustible brick.

The Della Ratta and Arlington County actions constitute fraud by false representation of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled and with resulting damage to the party misled. *Meridian Title Ins. Co.*, 735 F. Supp. 182 (E.D. Va 1990).

The Virginia Uniform Statewide Building Code (USBC), which is part of the Virginia Administrative Code (VAC), prohibits the substitution of building materials that are not the functional

2

equivalent. EIFS is not the functional equivalent of brick for: (1) moisture intrusion; (2) thermal insulation; and (3) fire safety. The Della Ratta and Arlington County fraud means the BVC is not "free from structural defects." Code of Virginia 55-701. The Della Ratta and Arlington County fraud also violated the Uniform Commercial Code (UCC) that implies certain warranties for contracts, including an implied warranty of merchantibility that the product must be fit for the ordinary purpose for which it is used. The BVC was not "fit for habitation" under Va. Code Ann. 55-70, the UCC, and the common law. See, e.g., *Mann v. Clowser*, 190 VA 887, 59 S.E. 2d 78 (1950).

The USBC Part I, which may also be cited as the Virginia Construction Code, incorporates by reference the International Building Code (IBC), states in Section 103.5 that "no alteration may lower existing levels of health and safety" and in Section 112.2 that "alternative materials" must "meet required levels of performance" under Section 36-99 of the Code of Virginia using "approved items from nationally recognized testing laboratories." Section 112.3. USBC Part III Section 115 states that it is unlawful to violate the USBC and that violation is a civil misdemeanor.

The Della Ratta, Arlington County and BVC fraud is a violation of fiduciary duty to the plaintiff. See, e.g., Deborah A. DeMott, *Breach of Fiduciary Duty: On Justifiable Expectations of Loyalty and Their Consequences,*" 48 Arizona Law Review, 925. See also Andrew J. Terrell, *Fiduciary Duty: Understand It-Don't Fear It!*" Martindale.com, Oct. 3, 2011.

## MOISTURE INTRUSION

In 1990 a fire broke out in the Arlington County Courthouse complex when water leaded into a fourth floor room sparking an electrical blaze. See *Electrical Fire damages Arlington Courthouse,*" The Free Lance-Star, Fredericksburg, Virginia, Monday, May 21, 1990.

On Saturday, November 13, 1993, the Arlington County Board recognizing, at least in part, that EIFS was not the equivalent of brick for moisture intrusion, modified condition one of the July 1988 approval of the BVC site plan amendment to require the developer to create an escrow account and provide an extended warranty and performance bond for the EIFS exterior wall for five years.

3

Arlington County did not address fraud by concealment, *Allen Realty Corp.*, 227 Va 441, 318 S.E. 2d 592 (1984), or unjust enrichment, James J. Della Ratta v. Joseph M. Della Ratta, No. D05-2931, District Court of Appeal of the State of Florida, Fourth District, January Term 2006 (May 10, 2006).

Arlington County did not address the fraud by providing for the appointment of an independent fiduciary trustee under Code of Virginia Section 26-47 after determining that control had not yet been turned over to the BVC Unit Owners Association. See, e.g., *Rash v. Hilb*, 467 S.E. 2d 791 (1996), *Nido v. Ocean Owners Council,* 237 Va 664 (1989), *Abi Najm v. Concord Condominium,* 280 Va 350 (2000). See also *Rankin v. Bradford, 28 Va 1 (1 Leigh) 163* (1829), *Zetelle v. Myers*, 60 Va (19 Gratt) 62 (1869) and *Simmons v. Simmons,* 74 Va (33 Gratt) 451 (1880).

In 2003 a Virginia court implicitly disputed the legal validity of the Arlinton County Board action by concluding an EIFS moisture intrusion risk was unacceptably high. See *Pulte v. Parex*, 265 Va 513 (2003).

On July 29, 2003, a Federal Court in Greenbelt, Maryland appointed an independent fiduciary to distribute all of the remaining plan assets of the profit sharing plans of Della Ratta, Inc. and Commercial Management Company (CMC) in Silver Spring, Maryland. CMC was the BVC management company for the 1993 Arlington County Board decision. The Federal Court ordered restitution and permanently barred Della Ratta from serving on any plans governed by ERISA in the future. See *Court Appoints Independent Fiduciary*, EBSA, U.S. Department of Labor, Release No. 03-431 (August 11, 2003).

On March 4, 2009 the Bella Vista filed a Common Interest Community Association Registration DPOR Application stating that the date of transfer of control was 1988, License No. 0517880102, March 18, 1988.

In March 2010 the BVC did building-wide repairs for moisture intrusion.

In October 2012 Hurricane Sandy moisture intrusion damaged some fifty, or one quarter of the some two hundred twenty one story BVC units.

THERMAL INSULATION

4

EIFS is not the functional equivalent of brick for thermal insulation. The Brick Industry Association notes that brick has "high thermal mass properties" that "allow heat to be stored and released later." See *The Sustainable Attributes of Exterior Cladding Materials: EIFS v. Brick,* The Brick Industry Association.

In January 2004, as a result of the degradation of the thermal insulation of the BVC exterior firewall by the substitution of EIFS for brick, the BVC fire sprinkler froze and broke causing a multi-million dollar fire sprinkler flood that closed the building for several weeks.

The BVC entered plaintiff's unit with an insurance company prior to plaintiff's return and provided a lowball estimate of damage that was never paid. It is *trespass ab initio* to enter the home of another by authority of law and to abuse that authority.

The water intrusion and water damage from the fire sprinkler flood have never been fully addressed by the BVC or Arlington County. Electrical distribution is the second leading cause of fires in the United States after arson or suspicious causes. See D. V. Babruakas, *Structure Ignitions*, 7th International Fire Conference, San Francisco, California (2001).

## FIRE SAFETY

On August 9, 2010, Plaintiff requested BVC participation in a National Institute of Standards and Technology (NIST) fire safety project. Erica Kuligowski, Fire Protection Engineer, replied stating that "It has worked very well in the past to have a 'champion' like yourself to help in our participation during evacuation drills." Ms. Kuligowski set up a September 17, 2010 meeting with the Chief of the Arlington County Fire Department but the BVC did not participate in the NIST Evacuation Fire Drills Project. See April 22, 2013 Letter From Catherine Fletcher, Freedom of Information Act Officer, NIST FOIA#2013-428-Arlington County Fire Department.

On November 23, 2010 at the Arlington County Emergency Center Federal Communications Commission Chairman Julius Genachowski stated that "Today's 911 system doesn't support the communications tools of tomorrow." He also noted that the "650,000 calls to 911 each day, with about 70 percent originating

5

from cellular phones." See *FCC Chair Kicks Off NG911 Project*.

The Arlington County Fire Chief was later promoted to Deputy County Manager responsible for both the Arlington County Fire Department and the Police Department. The failure of the BVC and Arlington County to provide for BVC participation in the NIST Study was a violation of Virginia law requiring an annual fire drill and of the fiduciary duty to the plaintiff.

Later, the BVC installed a lock gate in the stairwell that prevented plaintiff use of the stairs and violated SFPC Section 1101.1.3. prohibiting "obstructions" "liable to interfere with the egress of occupants" or "the operation of the fire department in the case of fire." The BVC also has not demonstrated that the BVC Board approval of adding gas stoves for cooking is lawful under Section 107.2 of the SFPC, which incorporates by reference the International Fire Code, or USBC Section 1057.3. The addition of BVC gas stoves increased the likelihood of reasonably foreseeable injury to the plaintiff.

EIFS is not the functional equivalent of brick for fire safety.

EIFS, which is composed of synthetic stucco and polystyrene, is combustible. EIFS will melt when exposed to temperatures around 300 degrees Fahrenheit and can ignite at temperatures around 600 degrees F. See *Brick v. EIFS*, Brick Industry Association Product Sheet: September 2011. BIA notes that in "numerous fires insulation has ignited and caused fire to spread" with in some fires "molten material" streaming down from burning buildings.

The use of EIFS is inconsistent with Section 314.4 of the Virginia Residential Code (2006), which requires that foam plastic be separated from the interior of the building by an approved thermal barrier or approved finish material equilavent to a thermal barrier material that will limit the average temperature to rise of the unexposed surface to no more than 250 degrees F after 15 minutes of fire exposure. The 1988 BVC substitution of EIFS for Brick reduced the fire resistance rating of the BVC from two hours to less than one hour. See "EIFS does not provide...a one hour fire resistance rating." *Sustainable Attributes of Exterior Cladding Materials: EIFS v. Brick,*" The Brick Industry Association.

Brick is a non-combustive material that is fire-kilned

6

during manufacture up to 2000 degrees F. Virginia's Uniform Statewide Building Code, Section 704.5 and Table 602, requires a firewall of at least one hour. The BVC substitution of EIFS for brick was fraud under the FTC Act.

Polystyrene is combustible, gives off toxic fumes, including styrene in a fire, and auto-ignites at 427 degrees C. ICSC 1043 Carbon monoxide poisoning from toxic fumes may endanger a person's life within fifteen minutes. See *Sprott House Fire,* Wellington, New Zealand (July 26, 1969). The primary risk of death from fire in the United States is as a result of asphyxiation or anoxia from smoke from the fire.

## II. THE ISSUES PRESENTED

The purpose of Virginia's Uniform Statewide Building Code is to "protect the health, safety and welfare of residents." See USBC 102.1.

In the case of the Bella Vista, Virginia and the Arlington County administration the USBC has failed miserably. Perhaps this is partly a result of the regulatory capture of building codes by the National Fire Protection Association (NFPA). See, e.g., NFPA 285: Standard Fire Test Method for Evaluation of Fire Propagation Characteristics of Exterior Wall Assemblies Containing Combustible Components (2012).

Perhaps it is because even after the MGM Grand Hotel fire in Las Vegas, Nevada killed 84 people and injured 650 people and 14 firefighters, and the Borgata fire in Atlantic City raised issues about modern building materials such as EIFS, the FTC did not take any action. Perhaps it is because even after the Monte Carlo hotel raised issues concerning hot works the FTC did not take any action. See also U.S. Consumer Product Safety Commission, FOIA # 14-F-00192. Perhaps it is because even after the Architecture Building, Delft University of Technology, a modern concrete Dutch building was destroyed by fire, the FTC did not take any action. See National Science Foundation No. 13-253F. Perhaps it is because even after the Dubai fire, the FTC did not take any action. See Adam Taylor and Azhar Al Fadl Miranda, *Huge fire engulfs high-rise hotel in downtown Dubai,* Washington Post, Dec. 31, 2015. In none of these cases did Arlington County take any action despite ownership of BVC units by a former White House Counsel and the current Chairman of the House Judiciary Committee.

7

Plaintiff has not only met the requirements for a writ of mandamus, but the standard for an injunction including injury and potential irreparable injury with no damage to the FTC.

The public interest requires FTC action as a well-involved fire at the BVC during rush hour may not only threaten the lives of BVC residents and firefighters, but also the national security and public safety in the event of simultaneous fires at nearby defense and public safety buildings. See, e.g, *Firefighter Partnerships,* Pentagram, September 30, 2011.

### III. THE RELIEF SOUGHT

Plaintiff requests fifteen million dollars to replace the BVC EIFS with brick. In the event that the BVC structure has been too damaged as a result of prior BVC EIFS repair, including any cracks in the concrete as a result of the jackhammering that led to an Arlington County stop work order, Plaintiff requests $500 million to demolish and reconstruct the BVC.

Plaintiff also requests $80 a day from the date of the *trespass ab initio* associated with the fire sprinkler freeze, break and flood that made the Plaintiff's unit unfit for human habitation as a result of the fire safety fraud and the harassment, intimidation and abuse plaintiff suffered in attempting to correct the fraudulent substitution of EIFS for brick. And breach of contract amounts to an independent willful tort. *Goodstein v. Weinberg,* 219 Va 105, 245 S. E 2d 140 (1978). Plaintiff requests damages of $10 million.

Common law provides for no wrong without redress including for any litigant who can show harm to his property by the activity of another. Holmes, *The Common Law.* See also *Wilkinson v. Downton* [1897] O.B. 57 and Smith, *Liability for Damage to Land by Blasting,* 33 Har. L. Rev. 542 (1920). If required, Plaintiff requests that the Court set aside the fraudulent conveyance under COV 55-80, 55-81 and 82.2 and provide full restitution, including all mortgage and other plaintiff payments, and lost appreciation.

Plaintiff requests removal of the BVC Board and replacement by an independent trustee appointed by the court like the court did in the Della Ratta case in Greenbelt, Maryland. See also Joseph M. Della Ratta et al v. Barbara A. Larkin et al, No. 126, Sept. Term 2003, In the Court of Appeals for Maryland, Circuit

8

Court for Anne Arundel County, Case No. C-2002-80490. Della Ratta, Arlington County and the BVC Board violated fiduciary standards of "care, skill, prudence and diligence" according to 29 U.S.C. 1104. See *Chicago v. Solan,* 169 U.S. 133 (1898). Any fiduciary that breaches any of the duties may be personally liable and be subject to equitable or other relief as the court may deem appropriate including removal of such fiduciary. See, e.g., VAC 26-47. See also Restatement (Second) of Torts Section 865 (1979). Under *Hunter v. U.S., 30 U.S. 173 (1831),* the court has broad discretion to remove fiduciaries and to appoint a temporary fiduciary with highly customizable powers. See also *Restatement (Third) of Trusts,* Section 95. Plaintiff also requests FTC action to protect unit owners and residents of Isabella at Monticello Mews, Alexandria, Virginia.

## IV. WHY THE WRIT SHOULD ISSUE

The United States has had the highest per capita rate of death and property loss from fire of all the major industrialized nations, see 15 U.S.C. 2201 (2) despite, or perhaps because of, the legacy of the legendary Triangle Shirtwaist Factory Fire.

The billionaire developer President of the United States asserted during the 2016 Presidential campaign that the system is rigged. After Nero even the civil law recognizes an *action ex maleficio* in which an action lies for an action of malfeasance subject to such penalty as seems equitable to the conscience of a superior judge. See *Si judex litem suam fecerit,* Titulus Quintus.

Mandamus is an extraordinary writ issued by a court of competent jurisdiction to compel the performance of an act when there is a duty under the law to perform the act, the plaintiff has a clear right to such performance, and there is no other adequate remedy available. See, e.g. Merriam-Webster's Dictionary of Law (1996).

There is no other adequate remedy available from Arlington County, the State of Virginia or the Federal Trade Commission. Plaintiff has demonstrated with a preponderance of the evidence and by clear and convincing evidence that a reasonable, thoughtful and well-informed jury of his peers would likely find in favor of the plaintiff and requests that the Court grant the relief requested upon receipt.

　　　　Justice interminably delayed is justice denied.  *Ezell v. City of Chicago,* 651 F. 3d 684 (2011).  The Court should expedite action for good cause, 28 U.S.C. 1657(a), and to compel the exercise of authority when there is a duty to do so to save life.  In re *United States*, 598 F. 2d 233 (1979).

_____/s/_____
William J. Kirsch
1211 S. Eads St. #211
Arlington, VA 22202
June 10, 2017

10

CERTIFICATE OF SERVICE

I hereby certify service by normal mail to:

David C. Shonka, Esq.
General Counsel
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580


_____/s/_____
William J. Kirsch
1211 S. Eads St. #211
Arlington, VA 22202
June 10, 2017